## Case No. 9,718.

### The MONTE CHRISTO.

[Cited in The Joseph Hall, Case No. 7,539. Nowhere reported; opinion not now accessible.]

## Case No. 9,719.

### The MONTE CHRISTO.

[6 Ben. 148.] [1]

District Court, N. D. New York. June, 1872.

SHIPPING — PUBLIC REGULATIONS — FRAUDULENT REGISTER—FORFEITURE—BONA FIDE PURCHASER.

1. An American register was obtained for a British vessel. under the act of December 23, 1852 (10 Stat. 149), on the statement that she had been wrecked off Cape May, which statement was false, and that repairs to an amount exceeding her previous value, had been put on her, a forged receipt for the payment of such repairs being exhibited. This American register was used by the person claiming to be owner, and he afterwards sold the vessel to a bona fide purchaser: *Held*, that the vessel was forfeited to the United States, by virtue of the 27th section of the act of December 31, 1792 (1 Stat. 298).

2. This forfeiture was not defeated by a sale to a bona fide purchaser.

In admiralty.

B. F. Tracy, for the United States.

Beebe, Donohue & Cooke and J. M. Guiteau, for claimant.

BENEDICT, District Judge. The evidence in this case establishes the following facts. to wit: That in the month of September, 1869, an American register was obtained for the British brig W. B. Forest, under the act of the 23d of December, 1852, by means of the false and fraudulent statement, that the brig had been wrecked off Cape May, within the waters of the United States, then brought to this port and sold for $975. and repaired to the amount of $3,825. These statements, upon which an American register was issued to her, under the name of the brig Monte Christo, have been proved to be pure fabrications without foundation in fact. The vessel was repaired to the amount stated during that season, by Messrs. C. & R. Poillon, whose bill was falsely stated to have been paid, and a forged receipt exhibited as evidence of the payment, but she was never wrecked as stated, and her repairs did not equal three fourths of the cost of the vessel when repaired. At the time of this fraud, the person claiming to be the owner of the vessel was one Jno. W. Currier; and the evidence discloses plainly, that the fraud was perpetrated with his knowledge, connivance, and procurement. In September, 1869, this American register, to the benefit of which the vessel was not entitled. was used by the vessel, with the knowledge of Currier, who took the oath of ownership and dispatched her on a voyage under

---

[1] [Reported by Robert D. Benedict, Esq., and here reprinted by permission.]

it. The vessel thereupon became forfeited to the government, by virtue of the statute of December 31, 1792, § 27, which declares, "that if any certificate of registry or record; shall be fraudulently or knowingly used for any ship or vessel, not then actually entitled to the benefit thereof, according to the true intent of this act, such ship or vessel shall be forfeited to the United States, with her tackle, apparel and furniture." 1 Stat. 298.

The forfeiture created by this statute, as well as by the act of July 18, 1866 [14 Stat. 184], under which the evidence also brings this case, is absolute; and in such case it is well settled that the forfeiture, is not defeated by a sale to a bona fide purchaser. It is therefore unnecessary to consider the evidence offered to show that the claimant Franklin was a bona fide purchaser of the vessel, or to determine whether either he or the master, who has contracted to buy her, are chargeable with knowledge of the fraudulent character of the register under which the vessel has been sailed. There must therefore be a decree condemning the vessel.

[The case was subsequently heard upon the question of the distribution of the informer's share of the proceeds of forfeiture. Case No. 9,720.]